```
1            IN THE UNITED STATES DISTRICT COURT
          FOR THE EASTERN DISTRICT OF TENNESSEE
2       NORTHERN DIVISION, AT KNOXVILLE, TENNESSEE


3


4
   United States of America,                    :
5                                               :
                Government,                      :
6                                               :
   Vs.                                          : CR
7                                               : 3-08-143
   Donald Reynolds, Nathaniel Smith,            :
8                                               :
                Defendants,                      :
9


10
            Transcript of proceedings before the Honorable
11 C. Clifford Shirley on December 5, 2008.


12


13 APPEARANCES:


14
                    ON BEHALF OF THE GOVERNMENT:
15
                    Tracee Plowell
16                  Assistant U.S. Attorney


17


18                  ON BEHALF OF THE DEFENDANT:

19                  Donald Bosch
                    Ann C. Short-Bowers
20                  Paula Voss
                    Attorneys at Law

21


22


23                  Jolene Owen, R.P.R.
                 800 Market Street, Suite 131
24                  P.O. Box 2201
                Knoxville, Tennessee, 37901
25                  (865) 384-6585
```

1

1           COURTROOM DEPUTY:  Criminal action

2  3-08cr143, United States versus Donald Ray Reynolds, Jr.

3  and Nathaniel Smith, Jr.

4           Tracee Plowell is here on behalf of the

5  government.  Is the government present and ready to

6  proceed?

7           MS. PLOWELL:  Present and ready.

8           COURTROOM DEPUTY:  Don Bosh and Ann Short

9  are here on behalf of Mr. Reynolds.  Is Mr. Reynolds

00:00:28  10  present and ready?

11           MR. BOSH:  Present and ready, Your Honor.

12           COURTROOM DEPUTY:  Paula Voss is here on

13  behalf of Mr. Smith.  Is Mr. Smith present and ready to

14  proceed?

15           MS. VOSS:  Present and ready, Your Honor.

16           THE COURT:  All right.  Let see if we are

17  all singing off the same song sheet for this morning.  I

18  am showing that we need to re-arraign both the

19  defendants with regard to the superseding indictment.

00:00:56  20  That we need to take up the motion for continuance of

21  the trial date, and, most likely, set a new trial date.

22  That we need to set a new at least one motion deadline.

23  I am actually thinking we probably need to set two

24  motion deadlines, one for discovery which I think has

25  already been filed, but a response deadline, and then a

2

1  regular motion deadline and a response deadline.  Also a

2  motion hearing with regard to those various motions, and

3  then set a pretrial conference date.

4            MS. PLOWELL:  That is correct, Your Honor.

5            MR. BOSH:  I believe that is correct.

6            THE COURT:  Everybody believe that is kind

7  of what we are doing this morning?

8            All right.  Let's go ahead and take up the

9  re-arraignments first.  Let's start with Mr. Smith.  Is

00:01:58  10  that okay?

11            MS. VOSS:  That's okay, Your Honor.

12            THE COURT:  Mr. Smith, you want to come up

13  to the podium with Ms. Voss, please.

14                    NATHANIEL SMITH

15  was first duly sworn and testified as follows:

16            THE COURT:  All right.  You are Nathaniel

17  Smith, Jr.?

18            MR. SMITH:  Yes, sir.

19            THE COURT:  All right, Mr. Smith, you

00:02:22  20  remember when you were here before I went over the

21  charges against you?

22            MR. SMITH:  Yes, sir.

23            THE COURT:  That were in the original

24  indictment.

25            MR. SMITH:  Yes, sir.

3

1          THE COURT:  You understand that there has

2     been a new superseding indictment that has been issued?

3          MR. SMITH:  Yes, sir.

4          THE COURT:  Okay.  I am going to go over

5     that in just a second.  I want you to understand, first

6     you still have all of the same rights I advised you of

7     the first time you were here.  Do you remember that?

8          MR. SMITH:  Yes.

9          THE COURT:  Which includes primarily the

00:02:48  10   right to remain silent, not make any statements or

11    comments about any of these charges to anybody.  Do you

12    understand that?

13         MR. SMITH:  Yes, sir.

14         THE COURT:  All right.  You also have the

15    right to be represented by counsel.  Ms. Voss has been

16    representing you and continues to represent you, is that

17    correct?

18         MR. SMITH:  Yes, sir.

19         THE COURT:  Now, Ms. Plowell, if you will

00:03:06  20   follow along with me and Ms. Voss, here is what I think

21    I have noticed to be the difference in the two

22    indictments.  The Count 1 is the same as the old Count 1

23    with the exception of the length of time and the amount

24    of kilograms of marijuana.

25         MS. PLOWELL:  That is correct, Your Honor.

4

1                    THE COURT:  Count 2, as to Mr. Smith, is

2     new.  Count 3 is new.  Count 11, I think, is the old

3     Count 2.

4                    MS. PLOWELL:  That is correct, Your Honor.

5                    THE COURT:  Is that what you all are --

6                    MS. VOSS:  Yes, Your Honor, I think that

7     is correct.

8                    MS. PLOWELL:  Your Honor, there are

9     additional forfeiture allegations.  That is a difference

00:04:00  10   as well.

11                   THE COURT:  Thank you.  Those are worth

12    pointing out, but he doesn't have to plead to those.

13                   All right.  Then I will go over those.

14                   Let me ask before I do.  Mr. Smith, have

15    you had a chance to see the new superseding indictment?

16                   MR. SMITH:  Yes.

17                   THE COURT:  Have you had a chance to talk

18    with Ms. Voss about it?

19                   MR. SMITH:  A little, yes.

00:04:22  20   THE COURT:  You feel like you understand

21    what you are being charged with now?

22                   MR. SMITH:  Yes.

23                   THE COURT:  Okay.  I need to kind of

24    assure myself that you do.  Let me tell you what I think

25    you are being charged with, as I look over it.

Case 3:08-cr-00143-TAV-MCLC   Document 22   Filed 12/10/08   Page 5 of 34   PageID #: 144

1          Count 1 is the same as the drug conspiracy

2   charge that was issued against you originally in the

3   sense that it charges you and Mr. Reynolds with a

4   conspiracy to distribute cocaine and marijuana.

5          Now, what is different is that, whereas,

6   that original indictment only charged you over the

7   period of a little over a year, year and a half, now the

8   conspiracy is alleged to have run from the spring

9   of 2000 continuing to and around June 19th, 2008.  Now

00:05:18   10   it is a seven and a half year conspiracy.  Do you

11   understand that difference?

12          MR. SMITH:  Yes.

13          THE COURT:  The other difference is that

14   the original indictment charged you with distribution

15   and possession with intent to distribute five-kilograms

16   or more of cocaine and 50-kilograms or more of

17   marijuana.  The new one charges you with the same five

18   kilograms or more of cocaine, but the amount of

19   marijuana has been increased to a thousand kilograms.

00:05:52   20   Do you understand that difference?

21          MR. SMITH:  Yes.

22          THE COURT:  Okay.  Now, the other new

23   count, or the next new count, Count 2, charges you alone

24   in December, 2006, with possession with intent to

25   distribute 50-kilograms of marijuana.  Do you understand

6

1 that?

2 　　　　　　MR. SMITH:  Yes.

3 　　　　　　THE COURT:  Count 3 is a new count as

4 well.  It charges you with possessing a firearm during

5 and in relation to that drug trafficking crime in

6 Count 2.  Do you understand that?

7 　　　　　　MR. SMITH:  Yes.

8 　　　　　　THE COURT:  Now, you are not charged in

9 counts 4 through 10.  You are charged in Count 11, and

00:06:40  10 Count 11 is the old Count 2 which charged you with a

11 money laundering conspiracy, a conspiracy to commit

12 money laundering with Mr. Reynolds.  It is basically the

13 same as the old Count 2 with the exception again of the

14 time difference.  Instead of being a year and a half

15 conspiracy it's now a seven and a half year conspiracy.

16 　　　　　　Do you understand that change?

17 　　　　　　MR. SMITH:  Yes.

18 　　　　　　THE COURT:  Okay.  There are also some

19 additions to the money laundering forfeitures, I believe

00:07:16  20 both sets of forfeitures and those you don't need to

21 plead to, but you need to be aware of those.

22 　　　　　　Ms. Plowell, with regard to these charges

23 because at least to some extent the potential penalties

24 he could receive have changed, if you would, if you

25 would go over Counts 1, 2, 3, and 11 with regard to

7

1    those, please, ma'am.

2                MS. PLOWELL:  As to Count 1 the defendant

3    faces a mandatory minimum term of ten years imprisonment

4    and up to life, a $4 million fine, or both in the

5    court's discretion, a minimum period of five years of

6    post-release supervision up to life and $100 mandatory

7    special assessment fee.

8                As to Count 3, I am sorry, 2, the

9    defendant faces a maximum period of five years in

00:08:12  10   prison, $250,000 fine, or both in the court's

11   discretion, maximum period of two years of -- I am

12   sorry, minimum period of two years of post release

13   supervision and a $100 special assessment fee.

14               As to Count 3 the defendant faces a

15   mandatory minimum term of five years in prison and up to

16   life, a $250,000 fine or both in the court's discretion,

17   a maximum period of five years of post-release

18   supervision and a $100 mandatory special assessment fee.

19   In addition, any term of imprisonment imposed on Count 3

00:08:40  20   must be served consecutively to any undischarged term of

21   imprisonment.

22               And as to Count 11, the defendant faces a

23   maximum term of 20 years in prison, a fine of $500,000

24   or twice the value of the property involved, whichever

25   is greater, five years of post-release supervision and a

8

 1   $100 mandatory special assessment fee.

 2              THE COURT:  Okay.

 3              Now, Ms. Voss, do you believe Mr. Smith

 4   understands what he is being charged with in the new

 5   superseding indictment?

 6              MS. VOSS:  Yes, sir, I do.

 7              THE COURT:  Do you feel like you have had

 8   adequate time to explain it to him?

 9              MS. VOSS:  Briefly, but I think it was

00:09:14   10   adequate.

11              THE COURT:  Do you believe the summary I

12   gave with regard to the changes and what the current

13   charges are was adequate?

14              MS. VOSS:  Yes, Your Honor.

15              THE COURT:  And you believe he is

16   competent to enter a plea today?

17              MS. VOSS:  I do, Your Honor.

18              THE COURT:  Mr. Smith, with regard to

19   Count 1 of the superseding indictment, how to you plead?

00:09:30   20              MR. SMITH:  Not guilty.

21              THE COURT:  Count 2.

22              MR. SMITH:  Not guilty.

23              THE COURT:  Count 3?

24              MR. SMITH:  Not guilty.

25              THE COURT:  Count 11?

9

1          MR. SMITH:  Not guilty.

2          THE COURT:  All right.  You two may have a

3     seat.

4          All right, Mr. Bosh, if you will bring

5     Mr. Reynolds up.

6          Swear in Reynolds, please.

7                    DONALD R. REYNOLDS

8     was first duly sworn and testified as follows:

9          COURTROOM DEPUTY:  Please state your full

00:10:00  10     name for the record.

11          MR. REYNOLDS:  Donald Ray Reynolds.

12          THE COURT:  Mr. Reynolds, Mr. Bosh, yours

13     is a little bit the same drill, but it's a little more

14     complicated with regard to the new and changed charges

15     and counts in the indictment.

16          Again, Mr. Reynolds, you understand that

17     you have the same rights that you had when you were here

18     before.  That is, you have the right to remain silent,

19     not incriminate yourself and not make any statements or

00:10:28  20     comments regarding any of these charges.  You understand

21     that?

22          MR. REYNOLDS:  Yes.

23          THE COURT:  If you give up that right and

24     start making any statements, those could be used against

25     you.  You understand that?

10

1          MR. REYNOLDS:  Yes.

2          THE COURT:  All right.  You are still

3    represented by Mr. Bosh, is that correct?

4          MR. REYNOLDS:  Correct.

5          THE COURT:  All right.  Now, it looks to

6    me like Count 1 remains the same with regard to

7    Mr. Reynolds except for the changes I mentioned relative

8    to Mr. Smith, that is, the number of kilograms of

9    marijuana and the date of the conspiracy.  It looks like

00:11:14  10   Counts 2 and 3 do not apply to Mr. Reynolds.  Count 4 is

11   a new drug trafficking crime charge and then Count 5 is

12   the old Count 3.  Count 6 is the old Count 4.  Count 7,

13   8, 9, 10 are new.  I guess each one being a drug charge

14   and then a drug trafficking with a weapon charge, and

15   then Count 11 is the old Count 2.  Is that sort of the

16   way you all see it?

17         MR. BOSH:  Close.  I think Count 4 is

18   actually a firearms charge in furtherance of drug

19   trafficking.  I think you announced it just as a drug

00:12:04  20   trafficking crime.

21         THE COURT:  Okay, right.

22         MR. BOSH:  A 924(c), Your Honor.

23         THE COURT:  Right.  All right.  Let's, let

24   me ask this of you, Mr. Reynolds, have you had a chance

25   to see and read the new superseding indictment?

11

1          MR. REYNOLDS:  Yes.

2          THE COURT:  Have you had a chance to go

3  over it with Mr. Bosh?

4          MR. REYNOLDS:  Yes.

5          THE COURT:  You feel like you understand

6  what you are being charged with?

7          MR. REYNOLDS:  Yes.

8          THE COURT:  All right.  I am going to go

9  over them with you real quickly.  Count 1 still charges

00:12:32  10  you with a drug conspiracy.  That is a conspiracy to

11  distribute and possess with intent to distribute

12  five-kilograms or more of cocaine, but now the amount of

13  marijuana has been increased to a thousand kilograms.

14  The date of the conspiracy has been changed and is now

15  from spring of 2000 to June of 2008.  Do you understand

16  that?

17          MR. REYNOLDS:  Yes, sir.

18          THE COURT:  And Counts 2 and 3, as I

19  mentioned, do not apply to you.  They apply only to

00:13:04  20  Mr. Smith.  Count 4 now charges you with possession of a

21  firearm in furtherance of the drug trafficking crime in

22  Count 1.  Do you understand that?

23          MR. REYNOLDS:  Yes, sir.

24          THE COURT:  And actually that is only

25  limited though to December 6th -- December of 2006,

12

1  excuse me.  You understand that?

2                   MR. REYNOLDS:  Yes.

3                   THE COURT:  Okay.  Count 5 then is new,

4  which is the old Count 3 in the original indictment, and

5  it charges you in January of '07 with possession with

6  intent to distribute five-kilograms or more of cocaine.

7  Do you understand that?

8                   MR. REYNOLDS:  Yes.

9                   THE COURT:  Count 6 is the old Count 4

00:13:56  10  which charges you in January of '07 with possession of a

11  firearm in furtherance of that drug trafficking crime in

12  2007.  Do you understand that?

13                   MR. REYNOLDS:  Yes.

14                   THE COURT:  In other words, Count 5

15  charges you with a drug trafficking crime.  Count 6

16  charges you with possession of a gun in furtherance of

17  that drug trafficking crime and it specifically sets out

18  those firearms are a Tec 9 and a Glock pistol.  You

19  understand that?

00:14:24  20                   MR. REYNOLDS:  Yes.

21                   THE COURT:  All right.  Then count 7 is a

22  new count.  It charges you with possession with intent

23  to distribute five kilograms or more of cocaine in or

24  about the summer of 2007.  You understand that?

25                   MR. REYNOLDS:  Yes.

13

1        THE COURT:  Count 8 then charges you with

2   possession of a firearm in furtherance of that drug

3   trafficking crime.  That is the one in the summer

4   of 2007.  Do you understand that?

5        MR. REYNOLDS:  Yes.

6        THE COURT:  And the firearm there is a

7   7.62 .30 caliber rifle.  You understand that?

8        MR. REYNOLDS:  Yes, sir.

9        THE COURT:  All right.  Count 9 is also

10  new.  It charges you again with possession with intent

11  to distribute five-kilograms or more of cocaine in

12  February of 2008.  You understand that?

13       MR. REYNOLDS:  Yes.

14       THE COURT:  Then Count 10 charges you with

15  possession of a firearm in furtherance of that drug

16  trafficking crime.  That is the one in February of 2008.

17  This time with a rifle, an FNH 5.7 x .28 millimeter

18  rifle.  You understand that?

19       MR. REYNOLDS:  Yes, sir.

20       THE COURT:  And then Count 11 is the old

21  Count 2 from the original indictment.  It charges you

22  with conspiracy to money launder along with Mr. Smith.

23  It's essentially the same charge with the exception of

24  the dates of the conspiracy again being extended to the

25  spring of 2000 to June of 2008.  Do you understand that?

14

1          MR. REYNOLDS:  Yes, sir.

2          THE COURT:  Do you feel like you

3    understand both the changes between the original

4    indictment and the superseding indictment and what you

5    are being charged with now?

6          MR. REYNOLDS:  Yes.

7          THE COURT:  All right.  Mr. Bosh, do you

8    feel like he does understand what he is being charged

9    with?

00:16:18    10          MR. BOSH:  I do, Your Honor.

11          THE COURT:  Do you feel like he is

12   competent to enter a plea?

13          MR. BOSH:  I do.

14          THE COURT:  Ms. Plowell, if you would, I

15   know Count 1 would remain the same, I assume, as to

16   Mr. Reynolds?

17          MS. PLOWELL:  Yes.

18          THE COURT:  If you could, if you could

19   quickly advise him as to the other charges and what the

00:16:38    20   potential penalties are.

21          MS. PLOWELL:  Yes, Your Honor.  As to

22   Count 4, the defendant faces a mandatory minimum term of

23   five years and up to life in prison, $250,000 fine, or

24   both in the court's discretion, five years of

25   post-release supervision and a $100 mandatory special

15

 1  assessment fee.  In addition, any term of imprisonment

 2  imposed on Count 4 must be served consecutively to any

 3  undischarged term of imprisonment.

 4            MR. REYNOLDS:  As to Count 5, the

 5  defendant faces the same penalties as set forth in

 6  Count 1.

 7            As to Count 6, the defendant faces a

 8  mandatory minimum term of 25 years in prison and up to

 9  life, $250,000 fine, or both in the court's discretion,

10  five years post-release supervision and a $100 mandatory

11  special assessment fee.  In addition, any term of

12  imprisonment imposed on Count 6 must be served

13  consecutively to any undischarged term of imprisonment.

14            As to Count 7, the defendant faces the

15  same penalties as set forth in Count 1 of the

16  indictment.

17            As to Count 8, the defendant faces the

18  same penalties as set forth in Count 6 of the

19  indictment.  Again that term of imprisonment must be

20  served consecutively to any undischarged term of

21  imprisonment.

22            Count 9, the defendant faces the same

23  penalties as to Count 1 of the indictment.

24            As to Count 10, the defendant faces the

25  same penalties as set forth in Count 6 of the

00:17:16 (line 10)

00:17:44 (line 20)

16

1  indictment, and again that is consecutive.

2          As to Count 11, the defendant faces a fine

3  of $500,000 or twice the value of the property,

4  whichever is greater, and a maximum term of 20 years in

5  prison, five years of post-release supervision and $500

6  mandatory special assessment fee.

7          THE COURT:  All right.  You understand the

8  maximum potential penalties you could be facing?

9          MR. REYNOLDS:  Yes.

00:18:24  10          THE COURT:  All right.  You believe he is

11  ready to enter a plea, Mr. Bosh?

12          MR. BOSH:  Your Honor, I do.

13          THE COURT:  With regard to Count 1,

14  Mr. Reynolds, how to you plead?

15          MR. REYNOLDS:  Not guilty.

16          THE COURT:  Count 4?

17          MR. REYNOLDS:  Not guilty.

18          THE COURT:  Count 5?

19          MR. REYNOLDS:  Not guilty.

00:18:36  20          THE COURT:  6?

21          MR. REYNOLDS:  Not guilty.

22          THE COURT:  7?

23          MR. REYNOLDS:  Not guilty.

24          THE COURT:  8?

25          MR. REYNOLDS:  Not guilty.

17

1          THE COURT:  9?

2          MR. REYNOLDS:  Not guilty.

3          THE COURT:  10?

4          MR. REYNOLDS:  Not guilty.

5          THE COURT:  11?

6          MR. REYNOLDS:  Not guilty.

7          THE COURT:  Have a seat.

8          All right.  There is currently pending a

9    motion for a new trial.  I believe Ms. Voss filed one

00:19:06  10    and I believe Mr. Bosh file one.  I take it you have

11    both discussed that with your clients.

12          MR. BOSH:  We have, Your Honor.

13          MS. VOSS:  Yes, sir.

14          THE COURT:  Do they have any objections to

15    the continuance?  Mr. Smith?

16          MR. SMITH:  No.

17          THE COURT:  Mr. Reynolds?

18          MR. BOSH:  Your Honor, if I may.

19          THE COURT:  Sure.

00:19:32  20          MR. BOSH:  We set this out in our motion.

21    This is the dilemma that we have.  We have been placed

22    in a situation based on difficulties with discovery that

23    Mr. Reynolds is forced to choose between his rights to a

24    speedy trial and his right to effective assistance.  It

25    is with great reluctance that this motion is filed

18

1    because, as we indicated very early in this case, in

2    fact, pre-indictment once it was determined there would

3    be no agreement reached in this case, that we were ready

4    to go to trial as quickly as possible. That was

5    expressed again at the initial appearance and

6    arraignment.

7            That said, as we discussed with

8    Mr. Reynolds, there is no choice put to file this motion

9    at this point. Mr. Reynolds' hesitation this morning is

10   over, he finds this, frankly, as distasteful as we do.

11   That said, I will let the court further inquire of

12   Mr. Reynolds. With reluctance we have no objection to

13   the continuance of this trial. We'll stand on our

14   motion.

15           THE COURT: All right. You want to add

16   anything to that, Mr. Reynolds?

17           MR. REYNOLDS: No, sir.

18           THE COURT: Okay.

19           MR. BOSH: Your Honor, if I can put one

20   more thing on the record. The motion to continue was

21   filed prior to the superseding indictment. I think that

22   is relevant and could be relevant later.

23           THE COURT: Well, obviously, this is Judge

24   Guyton's case. He'll need to make most of the

25   decisions. In looking at Ms. Voss' motion, it looks

00:20:22 (at line 10)

00:20:58 (at line 20)

19

1  like the primary problem is the voluminous nature of the

2  discovery, but in hearing from you, Mr. Bosh, and

3  looking at your motion it looks like there is an issue

4  with discovery.

5          MR. BOSH:  Well, there is certainly

6  volume.  We don't dispute that.  There are issues about

7  designation of the volume of that discovery.  Those are

8  contained at least anecdotally in a motion to continue,

9  and, more importantly, contained in a motion filed

10 yesterday that would not be appropriate to address today

11 simply because the government has just had notice of it

12 and they are entitled to their notice.  That said, it

13 was our hope under the original indictment, and,

14 frankly, under the new indictment that we could resolve

15 those discovery issues prior to December 16th and go

16 forward.  That is simply not going to happen at this

17 point.

18          THE COURT:  Ms. Voss.

19          MS. VOSS:  Our motion was simply a motion

20 for additional time.  We may well join in the current

21 motion that Mr. Bosh has before the court.  The issues

22 are not exactly the same with Mr. Smith.  There are some

23 issues with some of these now that the superseding has

24 expanded the time period, some of those issues may be

25 more relevant to him.  At this point although we had not

00:21:56

00:22:22

20

1    filed a motion for continuance and our reluctance is the

2    same as Mr. Reynolds, I think Mr. Bosh is correct that

3    without that information we can't adequately represent

4    these gentlemen.  I think there are some issues yet to

5    be resolved with regard to discovery.  I think we are

6    going to keep that court date in December for that

7    motion hearing.  I think we have set a date in December

8    for those motions that are currently pending.

9            THE COURT:  All right.  It would seem to

00:23:24  10  me, and I am not going to take the position either way

11   with regard to discovery, obviously.  That will be for

12   Judge Guyton to do.  I would think that with all of the

13   new charges against Mr. Reynolds, that alone would

14   probably constitute a pretty good reason for a

15   continuance.  Maybe you wouldn't want one.  Going from a

16   few count indictment to eleven, I would think that would

17   suffice.

18            In any event, you filed a motion for a

19   continuance, Mr. Smith has.  Does the government have

00:24:00  20  any objection?

21            MS. PLOWELL:  The filed motion to

22   continue, we have no objection, Your Honor.

23            THE COURT:  The court will grant both

24   motions for a continuance.  Whether the issue is the

25   nature and extent of the discovery, whether it is the

1  designation of the discovery or whether there are issues

2  with regard to discovery that has not yet been produced,

3  it is clear that the parties need additional time to

4  sort out exactly what is out there, what may be used at

5  trial and they have filed motions with regard to

6  discovery which is going to be heard.  That needs to be

7  heard and ruled on.  In addition, there are new counts

8  against both defendants which are substantial, both in

9  the nature of the charge and the potential punishment

00:25:06  10  associated with them which needs additional perhaps

11  discovery and certainly preparation to defend.

12          The parties have indicated they want

13  additional time to file other motions which will require

14  time for the government to respond and the court to have

15  another hearing and rule on those.  I really don't

16  believe that the matter can be set for trial any time

17  prior to April.  Would you agree with that, Mr. Bosh?

18          MR. BOSH:  I would agree the only

19  available dates are April.  We would be ready much

00:25:42  20  earlier than that, but the government and the courts

21  have indicated there are no dates that all parties have

22  a match on prior to April 6th.

23          THE COURT:  I don't see how you can get

24  all this done before that, if I give you what I

25  understand you want, a motion deadline sometime out in

22

1    January.

2                    MR. BOSH:  No, Your Honor.  I think those

3    were being set in response to the April 6th date which

4    was the first match that all parties could get.  I will

5    go on the record to indicate that we on behalf of

6    Mr. Reynolds, we had dates available in December,

7    January, February, March and April.

8                    THE COURT:  Well, I appreciate that.  Are

9    you saying you want to try the case in December and have

10   motions heard in January?

11                   MR. BOSH:  No, Your Honor.

12                   THE COURT:  I am trying to -- I am not

13   following how you can have your cake and eat it too.

14   How can you have motion hearings set or extend the

15   motion deadline and not extend the trial date?

16                   MR. BOSH:  Your Honor, when the motion to

17   continue was filed, as we indicated, the superseding

18   indictment had not been filed.  The court is correct

19   that it does at least at some level change the

20   landscape.  However, I will add, no new defendants were

21   added to this and essentially, although as the court

22   accurately pointed out, the penalties and the scope have

23   changed, none of this is new news to Mr. Reynolds.  That

24   said, the court is correct.  We're looking at a January

25   date.  Our hope initially was that we could resolve

00:26:32

00:26:56

23

1   discovery disputes, go forward on December 16th.  That

2   has not occurred.  We are left with the court setting

3   new motion dates in January, assuming that April 6th

4   trial date, that their are motion dates in January and

5   February subject to the court's calendar and again

6   setting the discovery issue on December 18th at

7   2:00 p.m. I think was discussed before Your Honor took

8   the bench.

9              THE COURT:  All right.  The reason I say

10  that is, you know, I have been in a number of cases.

11  Again I am probably going too far into this case where I

12  don't need to.  You know, when defendants are insistent

13  on maintaining trial dates or early trial dates, I have

14  been pushing the government to require them to produce

15  things.  Unfortunately, sometimes the result has been

16  then the defendants say now we are really not ready.

17  Now we want to have more motions filed and we want you

18  to rule on those and we need more time to prepare and

19  what that ultimately results in is the defendant getting

20  a much later trial date.

21              In other words, suppose I give you a

22  January trial date and I force Ms. Plowell to produce

23  everything you want and then you want to file some

24  motions to suppress it or keep it out, or any kind of

25  motion.  Then it becomes impossible to have a hearing,

24

1    rule on it and allow you preparation time and then we

2    have to continue it.  Now we are looking at June and

3    July because there are no more April dates at that

4    point.  In trying to accommodate some of those requests,

5    what ultimately has happened is just the reverse.  What

6    I have tried to do is find the most reasonable date and

7    a date that matches everybody's calendar, but a most

8    reasonable time frame to get everything accomplished

9    without everybody coming in then and saying well, this

00:29:18    10    hasn't been enough time.

11            It seems to me that an April time frame

12    looks like a reasonable time frame to resolve all of the

13    matters and allow everybody time then to prepare for

14    trial after the motions have been resolved.

15            I understand your client's position with

16    regard to wanting an earlier trial date.

17            Ms. Voss, you want to add anything?

18            MS. VOSS:  No, Your Honor.  I believe that

19    covers it.  Again, I do agree with Mr. Bosh we are

00:29:50    20    somewhat reluctant, but I don't think we have a choice

21    at this point.  I would like a new motion date as well.

22            THE COURT:  All right.  I am going to not

23    only continue the trial date to April 6th, I am going to

24    find that all of the time between now and then is fully

25    excludable for speedy trial purposes.

1          Okay, the motion, discovery motion has

2    been filed and you are going to have that hearing on

3    December 18th, 2:00 in front of Judge Guyton, is that

4    right?

5                   MR. REYNOLDS:  Yes, Your Honor.

6                   THE COURT:  When will you get your

7    responses?

8                   MS. PLOWELL:  Your Honor, can I have --

9                   THE COURT:  When were they filed,

00:30:50  10    yesterday?

11                   MR. BOSH:  Yesterday, Your Honor.

12                   THE COURT:  14th.

13                   MS. PLOWELL:  May I actually have the 15th

14    or 16th.  I know that doesn't give Judge Guyton much

15    time.  I am in trial next week.

16                   THE COURT:  The 15th will be fine.  The

17    14th is actually a Sunday.

18                   Then the remaining motions deadline.  How

19    much time are you thinking, Ms. Voss?

00:31:26  20                   MR. BOSH:  Your Honor, that is frankly

21    going to be contingent on complete discovery.  That is

22    what the problem is.  I think what we need to do now --

23    I might make a suggestion.  We have this hearing on

24    December 18th with Judge Guyton.  Clearly given the

25    trial dates, there is no expectation that discovery will

26

1  be fully provided on or before December 18th, as much as

2  we might like that. We might want to let Judge Guyton

3  address that in terms of what happens to that motion on

4  the 18th in terms of setting any discovery cutoffs

5  and/or any sanctions that we request, if those would be

6  appropriate.

7                    THE COURT: What do you think?

8                    MS. VOSS: We can do it either way. We

9  can wait until the 18th or we can go ahead and set a

00:32:14  10  motion cut off maybe the first week of January and

11  revisit it on that date, either one.

12                    MR. BOSH: That is fine as well. That way

13  if Judge Guyton needs to adjust it, he can.

14                    MS. VOSS: I just don't think

15  realistically with the holiday coming up and that 18th

16  date which would be the first time we have to address

17  the discovery issues, that we can do it before the first

18  week of January.

19                    THE COURT: Ms. Plowell, without asking

00:32:36  20  you to divulge more than you need to or want to, do you

21  think that the status on discovery is going to change

22  much between now and the 18th?

23                    MS. PLOWELL: Well, Your Honor, I don't

24  want to go too far into it. I have always -- probably

25  do need to make a record. I have always tried to

                                27

1   resolve discovery issues between the parties without
2   bringing the court into it.  Unfortunately in this case
3   I don't believe that is going to be possible.  Although
4   I am not sure why.  I will endeavor to address, I have
5   endeavored to address, I have had several meetings
6   informal meetings, with defendant Reynolds' counsel and
7   I have spoken informally with defendant Smith's counsel
8   about the discovery and I think the greatest issue here
9   is, Your Honor, is the volume of the discovery.  There
00:33:32 10  is about 5,000 pages of discovery.  A lot of it is
11  financial records and I am at the mercy, unfortunately,
12  of the financial institutions and they are doing the
13  best they can.  However, a lot of the, the timing of
14  this with what is going on in our economy right now,
15  they are getting subpoenas and responses from a lot of
16  other places other than this court, that are needed
17  other than for this court.  They are working as fast as
18  they can and as expeditiously as they can.  We are
19  turning them over as expeditiously as we can in trying
00:34:12 20  to keep them in some semblance of an organized, some
21  form of organization.
22          I am hopeful that I will have things by
23  the 18th, Your Honor, the remainder of the discovery
24  with regard to the indictment, but I honestly cannot
25  say.  What I have been doing is as I receive items I

28

1    have been turning them over, as I always do.  Your

2    Honor, if we can have, I suppose if we want to have a

3    hearing on the 18th and I will set forth and try to

4    discuss in between now and that date those issues with

5    the parties and hope to resolve those issues in

6    accordance with how the court's Order on Discovery and

7    Scheduling instructs us to do so.

8              If we could, Your Honor, address any

9    motion deadlines and have Judge Guyton set those on the

00:35:14  10    18th, I think that might be better.

11              THE COURT:  All right.  I do think that in

12    this it situation -- Mr. Bosh.

13              MR. BOSH:  Your Honor, like Ms. Plowell, I

14    did not want to descend into this discovery dispute this

15    morning.  I think it is imperative I make a very brief

16    response.  I can assure you Ms. Short and I on behalf

17    Mr. Reynolds have gone well beyond any ordinary effort

18    to try to resolve these things prior to embroiling the

19    court.  We have set that out in our motion.  For a

00:35:50  20    suggestion from the government that they don't

21    understand why we are embroiling the court, it is a bit

22    remarkable this morning.

23              THE COURT:  I will let Judge Guyton handle

24    that.  I understand what you are saying.  I have read

25    your motion.  What I always try to figure out is one of

29

1    three things. Is it an issue that there is a discovery,

2    genuine discovery dispute, that is, the government says

3    you are not entitled to have this and you say, yes, we

4    are. Nothing is going to change until I rule. No

5    amount of negotiation is going to change that.

6           Sometimes it is yes, there is a huge

7    volume, I am getting it to you as quick as I can. There

8    is no issue about what you are entitled to, I just can't

9    get it to you fast enough.

10          Third, is sometimes there is third-party

11   problems. Now, technically for me that is the easiest

12   one to handle because I can make them produce them. You

13   may not. I can take care of that problem pretty

14   quickly. Sometimes we have agency problems, sometimes

15   we have third-party problems. It's important to

16   identify where the problem is because there is, that is

17   why I asked. There is no sense in setting out a

18   discovery dispute where there is a legal loggerhead

19   because it's not going to change between now and then.

20   I found if I give the government and defense lawyers a

21   little time to work out issues with regard to volume or

22   arrangements or things like that, most of the time it

23   can resolve itself. I am thinking in this case it may

24   be a little bit of second. I think there is probably

25   more of the first.

30

1          MR. BOSH:  It may be all three, Your

2    Honor, to be candid with the court.

3          THE COURT:  I think there is going to be

4    some disputes as to what you are entitled to.

5          MS. PLOWELL:  No, Your Honor, it's not an

6    issue of what they are entitled to at all.

7          THE COURT:  Are you going to tell them

8    what you are going to use off the computer?

9          MS. PLOWELL:  We have given them almost a

00:37:46  10   complete duplicate of everything we have in our file.  I

11   don't think it's much of a number 1 as it is a number 2

12   and 3.

13         THE COURT:  Okay.

14         MR. BOSH:  Again I think we'll address

15   that on the 18th.

16         MS. PLOWELL:  We can discuss that prior to

17   coming in court.

18         MR. BOSH:  We can discuss that prior, as

19   we have been trying to do.

00:38:02  20   THE COURT:  Well, the 18th is short enough

21   that --

22         MS. PLOWELL:  Your Honor, there is one

23   issue I do have to address.  I am sorry.  I know we are

24   not going to go into it, but counsel did put in the

25   motion and hinted today that they have made

31

1  arrangements, that they have tried to make efforts to

2  contact the government and it has been to no avail.  I

3  would say, Your Honor, that I did receive a voicemail on

4  the 2nd.  I didn't receive it until late in the evening

5  the 2nd.  I was in meetings all day on the 2nd, when I

6  had just come back.  I didn't get the message until late

7  in the evening.  The message was I would like to meet

8  with you at three today.  If I don't receive the message

9  until seven or eight in the evening, when I check my

10  voicemail -- everyone has my cellphone.  I give it out

11  freely on my voicemail.  My cellphone wasn't called to

12  ask to have that meeting.  Between now and then -- that

13  could be because my cellphone was full.  I know it had

14  been full for a little while because I was out of town.

15          I have been getting ready for trial in the

16  trial of Bennett, Your Honor.  I have had witness

17  interviews.  I could not meet with -- I was physically

18  unable to meet with counsel prior to this hearing today.

19  It was not that I was putting it off, Your Honor.  I

20  just physically was unavailable to do so.  I did want to

21  make that clear for the record.

22          MR. BOSH:  Not challenging Ms. Plowell's

23  assertions on that regard, I understand.  I think,

24  frankly, the reasons that the government may not be able

25  to do these things aren't as relevant as the fact that

00:38:40 (line 10)
00:39:10 (line 20)

32

1  they have not been done and Mr. Reynolds has rights.  I

2  know Ms. Plowell has a very busy schedule, as do we.

3  Nonetheless, we had a trial date of December 16th until

4  this moment was set and had not been continued.  We take

5  that very seriously.

6              THE COURT:  All right.  We are going to

7  just set the trial date for April the 6th.  We are going

8  to set a motion hearing date for December 18th at 2:00.

9              Do I understand you have tentatively

00:39:56  10  agreed on a pretrial conference date of March 18th at

11  2:00 as well?

12              MR. BOSH:  Yes.

13              THE COURT:  We'll put that down.  That

14  might fluctuate or change depending on what Judge Guyton

15  does.  I am sure all of you will remember to bring to

16  his attention you need a motion date, when he hears you

17  on the 18th.

18              All right.  Anything else we need to take

19  up with regard to these matters?

00:40:24  20              MS. PLOWELL:  Not on behalf of the

21  government.

22              THE COURT:  Anything else on behalf of

23  Mr. Reynolds?

24              MR. BOSH:  No, Your Honor.

25              THE COURT:  Anything else on behalf of

                                33

1    Mr. Smith?

2                    MS. VOSS:  No, Your Honor.

3                    THE COURT:  We'll stand in recess here.  I

4    have one next door.  Everybody who needs to go over

5    there will go over there.

6                    (Court was recessed.)

7

8        I CERTIFY THAT THE FOREGOING IS AN ACCURATE
     TRANSCRIPT OF THE RECORD OF PROCEEDINGS IN THE
9    ABOVE-ENTITLED MATTER, THIS THE 8th DAY OF December,
     2008.
10
                        s/ J. Owen
11                   _____
                     JOLENE OWEN.
                     Registered Professional Reporter
12

13

14

15

16

17

18

19

20

21

22

23

24

25

34